# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **RASHON FELTON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil Action No.:** |
| ) | |
| **LABORATORY CORPORATION** ) | |
| **OF AMERICA HOLDINGS, Inc.** ) | |
| **a/k/a LABCORP,** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT AND JURY DEMAND

**I.    INTRODUCTION**

1. This is an action for declaratory judgment, equitable relief and monetary damages, instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, including the Civil Rights Act of 1991, 42 U.S.C. § 2000 (e) *et seq*. (hereinafter "Title VII"), which provides for relief from discrimination on the basis of sexual orientation. That Title VII now prohibits discrimination based on LGBTQ status is the result of three consolidated cases: Bostock v. Clayton County, Altitude Express v. Zarda, and R.G. & G.R. Harris

Funeral Homes v. EEOC. In all three cases, employees were fired because they were gay or transgender.

## II.    JURISDICTION AND VENUE

2. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, 1343(3) & (4) and 42 U.S.C. §§1983 and 1988 as this case arises under the equal protection clause of the Fourteenth Amendment to the United States Constitution. As plaintiffs' state law claims derive from the same nucleus of operative facts as her federal claims, this Court has pendent jurisdiction pursuant to 28 U.S.C. sec. 1367.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b), as the unlawful practices alleged herein were committed by Defendant in Baldwin County in the state of Alabama.

## III.    ADMINISTRATION PREREQUISITES

4. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII. Plaintiff filed charges of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") on November 15, 2022 (No. 425-2022-01254) and March 2, 2023 (425-2023-00247). The foregoing charges of discrimination were filed within 180 days of the occurrence of the last respective discriminatory act. Plaintiff received notice of his right to sue for Charge No. 425-2022-01254 on September 25, 2023. Plaintiff received notice of his right to sue for Charge No. 425-2023-00247 on September 22, 2023. Copies of

the aforementioned EEOC Charge and Dismissal and Notice of Rights for said charges are attached hereto as Exhibits A and B.

### IV. PARTIES

5. Plaintiff, Rashon Felton ("Felton"), is a gay male citizen of the United States over the age of nineteen (19) years and has been at all times pertinent to the matters alleged herein a resident citizen of the State of Alabama. Felton worked for Defendant as a patient services technician.

6. Defendant, Laboratory Corporation of America Holdings, Inc. (hereinafter referred to as "Defendant" or "Labcorp"), is an employer doing business in Baldwin County, Alabama, and is subject to suit under 42 U.S.C. §2000(e) *et seq*. At all times relevant to this action, Defendant has employed at least 15 persons.

### V. STATEMENT OF FACTS

7. Plaintiff, a homosexual male, black male, age 32 began working as a patient services technician on November 29, 2021, for the Defendant.

8. During his employment with Defendant, Plaintiff was supervised by Angela Nettles and Tynita Osburn.

9. On or about June 6, 2022, Kimberly Johnson, a site coordinator for Defendant, asked Plaintiff what pronouns he uses to identify himself. Upon Plaintiff's response to Johnson, she referred to Plaintiff as an "abomination."

10. On or about June 8, 2022, Plaintiff reported Johnson's comment to Angela Nettles, who told Plaintiff that his allegations could not be substantiated.

11. On July 13, 2022, less than a month after Plaintiff complained to management about Kimberly Johnson's "abomination" comment, Plaintiff began to be written up by management for various reasons. For example, on July 13, 2022, he was written up by Osburne for interacting with a coworker in a "rude and discourteous manner." On July 28, 2022, he was written up for working outside of scheduled hours without first getting permission. However, Plaintiff did in fact have his supervisor's permission to work outside of scheduled hours.

12. Prior to Plaintiff reporting the harassing behavior on his coworkers on the basis of his sexual orientation, Plaintiff was not issued any write-ups.

13. Between September 2022 and October 2022, Eric Dailey, a coworker of Plaintiff, referred to Plaintiff as a "girl," even though Plaintiff is a male.

14. On or about September 22, 2022, Madenna Wagner, a coworker of Plaintiff, referred to Plaintiff as "ma'am."

15. Plaintiff reported the comments of Dailey and Wagner to Tynita Osburne, Plaintiff's immediate supervisor. However, no corrective action was taken by Osburne.

16. On or about November 15, 2022, after no action was taken by Osburn or Nettles for the offensive, derogatory and harassing remarks made by Plaintiff's coworkers, Plaintiff filed a Charge of Discrimination with the EEOC (Charge No. 425-2022-01254).

17. On or about November 17, 2022, in retaliation to Plaintiff for filing said charge for sexual orientatin, Plaintiff was notified by Tynita Osburne that he was being terminated because he "failed to complete a training that he was given multiple opportunities to complete." Plaintiff disputes this basis as pretextual as he never refused to take the training, yet rather he questioned the training as not in his scope of employment and was only requested due to his complaining of disparate treatment.

## VI.   CAUSES OF ACTION

### COUNT I – DISCRIMINATION ON THE BASIS OF SEXUAL ORIENTATION IN VIOLATION OF TITLE VII OF CIVIL RIGHTS ACT OF 1964

18. Defendant's termination of Plaintiff constituted disparate treatment with deliberate indifference based on Plaintiff's sexual orientation, being a homosexual male, whereby other heterosexual employees were treated more favorable in the same or similar circumstance in violation of the Civil Rights Act of 1964, as amended via *Bostock v. Clayton County, GA,*

19. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged, other than this action, compensatory losses including for back pay, front pay, punitive damages, injunctive and declaratory relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein, unless enjoined by this Court.

## COUNT II – HOSTILE WORK ENVIRONMENT IN VIOLATION OF 14TH AMENDMENT TO UNITED STATES CONSTITUTION

20. Defendant's failure to take any corrective action against Plaintiff's coworkers for their derogatory statements and harassing behavior toward Plaintiff on the basis of his sexual orientation created a hostile work environment for Plaintiff.

21. By subjecting Plaintiff to a hostile work environment on the basis of his sexual orientation, Defendant violated the Fourteenth Amendment to the United States Constitution as made actionable pursuant to 42 U.S.C. §1983.

## COUNT III – RETAILIATION IN VIOLATION OF TITLE VII OF CIVIL RIGHTS ACT OF 1964

22. Beginning in June 2022, Plaintiff began complaining to his supervisors that his coworkers (Kimberly Johnson and Erica Dailey) were making harassing and derogatory statements about him due to his sexual orientation. However, instead of disciplining Johnson and Dailey for their actions, Osburne issued write-ups to Plaintiff. At least one of those write-ups were for unprofessional behavior toward coworkers.

23. When no action was taken by Defendant against Johnson and Dailey, Plaintiff filed a Charge of Discrimination with the EEOC, naming the coworkers who harassed him as well as siting Osborne and Nettles's failure to discipline Johnson and Dailey.

24. Following the filing of the Charge of Sexual Orientation Discrimination, Plaintiff was notified by Osburne that he was being terminated.

25. The refusal to consider any accommodation and terminating Plaintiff was retaliatory for his challenging the company and violates the Civil Rights Act of 1964, as amended.

26. As a direct and proximate result of the Defendant's conduct described herein, Plaintiff has suffered from a loss of income and benefits, severe emotional distress and mental anxiety, for all of which he should be compensated.

### COUNT IV – MENTAL AND EMOTIONAL DISTRESS

27. Defendants' actions described herein were intentional and inflicted upon Plaintiff severe mental and emotional distress.

28. As a result of Defendants' actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which he should be compensated.

### VII. PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

  a. Grant the Plaintiff a declaratory judgment holding that the actions of Defendant Laboratory Corporation of America Holdings, Inc. (Labcorp) described herein above violated and continue to violate the rights of the Plaintiff as secured by Title VII of the Civil Rights Act of 1964.

  b. Grant the Plaintiff an order requiring the Defendant to make the Plaintiff whole by awarding Plaintiff all compensatory damages including, back pay, front pay (plus interest, including prejudgment), punitive, liquidated, and/or nominal damages and loss of all employment benefits.

  c. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate Title VII.

  d. Grant the Plaintiff such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

  **PLAINTIFF HEREBY DEMANDS A JURY FOR ALL ISSUES TRIABLE BY JURY.**

Respectfully Submitted this 20th day of December 2023.

s/Reginald McDaniel
Reginald McDaniel (MCD061)
Alabama State Bar No. ASB-7676-L73M
Attorney for Plaintiff
Reginald McDaniel, Attorney at Law, LLC
810 5th Avenue North, Suite B

           Birmingham, AL 35203
           Telephone: (205) 433-6133
           Fax: (888) 357-8447
           Email: rdm@reginaldmcdaniel.com

**PLEASE SERVE DEFENDANT VIA CERTIFIED AS FOLLOWS:**

Laboratory Corporation of America Holdings, Inc.
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104